IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 8:13CR107 |
| vs. | |
| ANTHONY LAURITA, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on defendant Anthony Laurita's pro se "Motion Habeas Corpus Relief and for Interim Conditional Release Pursuant to the First Step Act Amendment to the Good Time Statute" under 28 U.S.C. § 2255. Filing No. 618.[1]

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

---

[1] Arguably, this is a challenge to confinement that should have been brought in the district where Laurita is incarcerated under § 2241. Section 2255 motions must be brought before "the court which imposed the sentence," whereas a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *but see id.* at 451, *Rumsfeld v. Padilla*, (stating "[T]he question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue[.]") (Kennedy, J. concurring). A federal prisoner may bring a habeas claim under § 2241 to challenge the execution of his sentence in the district where he is incarcerated. *Metheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002) (§ 2241 habeas petition is the proper vehicle for a prisoner's request for good time credits to reduce length of imprisonment and must be brought in the district of incarceration). In light of the court's disposition, the court will not address that issue.

1

The defendant was sentenced to 54 months imprisonment for a violation of 18 U.S.C. § 2252A(a)(5)(B), access with intent to view child pornography. Filing No. 584, Judgment. He is presently incarcerated at the Federal Correctional Institution in Allenwood, Pennsylvania. *See* https://www.bop.gov/locations/institutions. Under current calculation methods, Laurita is projected to be released on December 16, 2019. *Id.* Laurita contends that under the recently enacted First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(2), 132 Stat. § 5194, 5210 (2018) (the "First Step Act" or the Act), he should receive an additional 27 days of good time credits on his 54 months sentence, advancing his projected release date to November 18, 2019. He asserts the BOP has not yet acted to change his projected release date, asserting that the First Step Act provides a delayed effective date for implementation of the good time credit amendment.

On initial review, the court finds that "it plainly appears that the defendant is entitled to no relief," and that the government should not be required to answer. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Laurita's claim is premature. He relies on a provision of the new statute that has not yet taken effect. Further, he has not exhausted his administrative remedies.

The First Step Act was enacted on December 21, 2018. Pub. L. No. 115-391, § 102(b)(2), 132 Stat. 5194. The relevant provision, Section 102(b) of the new law, amends 18 U.S.C.§ 3624(b)—the "good time credit" statute—adjusting the method by which the Bureau of Prisons ("BOP") calculates the credit. *Id.*, § 102(b)(2), 132 Stat. § 5194, 5210. The adjustment will ensure that defendants receive the maximum of 54

days of good conduct time for each year of the sentence that was imposed, rather than—as had been BOP's practice—for each year of the sentence that had been actually served. *See generally id.* (abrogating *Barber v. Thomas*, 560 U.S. 474 (2010)); *see also United States v. Sathajhan Sarachandran,* No. 06 CR. 615 (RJD), 2019 WL 2568712, at *1–3 (E.D.N.Y. June 20, 2019).

Under the plain terms of the statute, the provision of the First Step Act that applies to good time does not take effect until the Attorney General "completes and releases the risk and needs assessment system." Pub. L. 115-391, § 102, 132 Stat. 5194, 5213. The plain language of the Act provides the Attorney General 210 days to complete the risk and needs assessment system. Pub. L. 115–391, § 102(a), 132 Stat. 5194, 5196. This 210-day period has not expired, and the amendment to Section 3624(b) will not take effect until approximately mid-July, 2019. *See Robertson v. Marques*, No. 19-CV-1009 (WMW/SER), 2019 WL 2464805, at *1 (D. Minn. June 13, 2019); *Crittendon v. White*, No. 1:19-cv-669, 2019 WL 1896501, at *1 (M.D. Pa. Apr. 20, 2019); *Pizarro v. White*, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019); *Christopher v. Wilson*, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019); *Matthews v. Williams*, 2019 WL 1639776, at *2 (N.D. Ohio Apr. 16, 2019); *Roy v. United States Bureau of Prisons*, 2019 WL 1441622, at *1 (E.D. Wash. Apr. 1, 2019).

Because the amendments to § 3624(b)(1) are not in effect, the BOP has no statutory authority to recalculate Laurita's good time credit. *See Robertson*, 2019 WL 2464805, at *1; *Christopher*, 2019 WL 1745968, at *2; *Matthews*, 2019 WL 1639776, at

3

*2; *Roy*, 2019 WL 1441622, at *2. Laurita's habeas petition is therefore premature.[2] *See Robertson*, 2019 WL 2464805, at *1; *Pizarro*, 2019 WL 1922437, at *1; *Christopher*, 2019 WL 1745968, at *2; *Matthews*, 2019 WL 1639776, at *2; *Roy*, 2019 WL 1441622, at *2; *Crittendon,* No. 1:19-cv-669, 2019 WL 1896501, at *1; *Schmutzler v. Quintana*, No. 5:19-cv-46, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019); *Costa v. Parr*, No. 119-CV-00318-LJO-JDP(HC), 2019 WL 2490657, at *9 (E.D. Cal. June 14, 2019). *But see United States v. Walker*, 10-CR-298 (RRB) (D. Or. Feb. 7, 2019) (unpublished) Filing No. 110 (ordering that BOP "recalculate Defendant's release date forthwith" using the amended good-time-credit provision at rate of 54 good conduct days per year).

In sum, Laurita does not present a cognizable habeas corpus claim. Section 102(b)(2) of the First Step Act plainly and explicitly indicates that the pertinent amendments have not become effective, so the petitioner cannot prevail. Accordingly, it plainly appears from the face of the motion that the movant is not entitled to relief in the district court. The government will not be required to answer, and Laurita's petition will be dismissed as premature, without prejudice.

---

[2] Alternatively, the court could find the petition premature for failure to exhaust administrative remedies. *See Chapman v. United States Justice Dep't*, No. 2:19-CV-00036-JM-JTR, 2019 WL 2030550, at *2–3 (E.D. Ark. Apr. 19, 2019), report and recommendation adopted, No. 2:19-CV-00036-JM-JTR, 2019 WL 2030114 (E.D. Ark. May 8, 2019). Under 18 U.S.C. § 3624 (the federal statute authorizing good time credit), it is the BOP, not the district court, that determines whether a prisoner should receive good time credit. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). If a prisoner believes that the BOP erred in computing his sentence, his initial remedy is to pursue administrative review of the BOP's computation. *See United States v. Wilson*, 503 U.S. 329, 331-35 (1992). "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943 (8th Cir. 2009).

THEREFORE, IT IS ORDERED:

1. On initial review, the Court finds that summary dismissal is appropriate.

2. The petition will be dismissed, without prejudice.

3. A judgment in conformity with this Memorandum and Order will issue this date.

Dated this 25th day of June 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge